SPENCER E. BENDELL, Cal. Bar No. 181220
E-mail:  bendells@sec.gov
SOLOMON R. MANGOLINI, Cal. Bar No. 149811
Email:  mangolinis@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:   (323) 965-3998
Facsimile:    (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>     vs.<br><br>DEAN P. GROSS and GREGORY W. LASER,<br><br>              Defendants. | Case No. CV09-9144 AHM (RZx)<br><br>**PRELIMINARY INJUNCTION AGAINST DEFENDANT DEAN P. GROSS AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING ACCOUNTINGS; AND (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS** |

## ORDER

The Court, having considered the Commission's Complaint, the Application, the supporting Memorandum of Points and Authorities, Declarations and Exhibits, and all other evidence and argument presented regarding the Application, finds that this Court has jurisdiction over the parties to, and the subject matter of, this action, that the Commission has demonstrated a probability of success on the merits and a possibility of dissipation of assets in this case, and that defendant Dean P. Gross ("Gross") consents to this order, without admitting or denying the allegations in the Commission's Complaint (except as to personal and subject matter jurisdiction, which he admits). IT IS HEREBY ORDERED, for good cause shown, as follows:

### I.

IT IS HEREBY ORDERED that the Commission's application for a preliminary injunction and orders: (1) freezing assets; (2) requiring accountings; and (3) prohibiting the destruction of documents; is hereby GRANTED against defendant Gross, pursuant to Gross's consent.

### II.

IT IS FURTHER ORDERED that defendant Gross and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy any security, or carrying or causing securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77(e)(a) and 77(e)(c).

///

**III.**

IT IS FURTHER ORDERED that defendant Gross and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**IV.**

IT IS FURTHER ORDERED that defendant Gross, and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the

light of the circumstances under which they were made, not misleading; or

C.     engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**V.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendant Gross and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of defendant Gross, and his subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement, of defendant Gross.  Notwithstanding the above provisions and notwithstanding any provisions in Section VII to the contrary, defendant Gross may pay from his personal funds or accounts reasonable, usual, ordinary and necessary living expenses (including for housing) and attorneys' fees, not to exceed in the aggregate $7,500, inclusive of any amounts paid by defendant Gross since the issuance of the initial Temporary Restraining Order in this action on December 14, 2009.  During the pendency of this Order, to the extent that defendant Gross desires to pay from his personal funds or accounts, reasonable, ordinary, and necessary living expenses he shall

make an application to the Court with notice to, and an opportunity to be heard by, the Commission.  In any such application, defendant Gross shall demonstrate the actual, reasonable and ordinary nature of such expenses, as well as the location and ultimate source of the funds he proposes to use to pay those expenses.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by defendant Gross, or any trust, partnership, joint venture, person or entity affiliated with them, including subsidiaries, including but not limited to the following accounts:

| Financial Institution | Account Name | Last 4 Digits of Account No. |
|---|---|---|
| Bank of America | Dean P. Gross | 1607 |
| Bank of America | Bridon Entertainment | 5670 |
| Bank of America | Dean Gross Check Out My Smile | 4414 |
| Citibank/Citigold | Dean P. Gross | 8530 |
| Citibank | Media America | 7748 |
| Citibank | Major Way Media | 9348 |
| Interactive Brokers | Dean P. Gross | 0923 |

## VII.

IT IS FURTHER ORDERED that defendant Gross shall, within seven days of the date of issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of his assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number.  The accountings shall include a description of the source(s) of all such assets.  Such

accounting shall be filed with the Court and copies shall be delivered to the Commission's Los Angeles Regional Office, located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.  After completion of the accountings, Gross, shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying the accountings.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendant Gross, and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendant Gross.

///
///
///
///
///
///
///
///
///

**IX.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED:  February 01, 2010

_____
HONORABLE A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE