SPENCER E. BENDELL, Cal. Bar No. 181220
Email: bendells@sec.gov
SOLOMON R. MANGOLINI, Cal. Bar No. 149811
Email: mangolinis@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DEAN P. GROSS and GREGORY W. LASER,<br><br>Defendants. | Case No. CV 09-9144 AHM (RZx)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT DEAN P. GROSS** |

Plaintiff Securities and Exchange Commission having filed a Complaint and Defendant Dean P. Gross ("Defendant") acknowledged having been served with the Complaint; entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to the entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); and waived findings of fact and conclusions of law.

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy any security, or carrying or causing securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, in violation of Sections 5(a) and 5(c) of the Securities Act, 15U.S.C. §§ 77(e)(a) and 77(e)(c).

## II.

IT IS FURTHER ORDERED that Defendant and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a

    material fact or any omission to state a material fact necessary in order
    to make the statements made, in light of the circumstances under
    which they were made, not misleading; or

 C. engaging in any transaction, practice, or course of business which
    operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that Defendant, and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

 A. employing any device, scheme, or artifice to defraud;

 B. making any untrue statement of a material fact or omitting to state a
    material fact necessary in order to make the statements made, in the
    light of the circumstances under which they were made, not
    misleading; or

 C. engaging in any act, practice, or course of business which operates or
    would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15

U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and/or civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from December 31, 2006, using the post-judgment rate of interest prescribed by 28 U.S.C. § 1961. In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment, as well as determining disgorgement, prejudgment interest, and civil penalties.

//

//

4

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: March 15, 2010

**JS-6**

_____
HONORABLE A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE